UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22085-CIV-TORRES

CONSENT CASE

MAUREEN MAGUIRE,

        Plaintiff,

vs.

SOUTHERN HOMES OF PALM
BEACH, L.L.C

        Defendant.

_____/

**ORDER ON SOUTHERN HOMES OF
PALM BEACH, L.L.C'S MOTION TO DISMISS THE COMPLAINT**

This matter is before the Court on Defendant's Motion to Dismiss Amended Complaint [D.E. 9], to which Plaintiff filed a Response. [D.E. 10].[1] Defendant's Motion is ripe for disposition. After careful consideration of the Motion and the Response, and for the reasons that follow, Defendant's Motion will be Granted in Part and Denied in Part.

## *I.* *BACKGROUND*

On June 27, 2005, Plaintiff entered into a Purchase and Sales Agreement ("Agreement") for the purchase of a condominium unit to be constructed at a site known as "Waterside" that was being developed by Defendant. On August 14, 2007, Plaintiff filed a three count Complaint against Defendant alleging violation of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et. seq.* ("ILSFDA"), breach of contract, and violation of the

---

[1] The parties consented to this Court's jurisdiction in this matter. [D.E. 15]

Florida Deceptive and Unfair Trade Practices Act, Florida Statutes §§ 501.201 *et. seq.* ("FDUTPA").

The pending motion to dismiss asserts that Plaintiff failed to state a cause of action as to all three counts. Defendant raises three arguments to support this contention: (i) count I should be dismissed because the Agreement is exempt from the requirements of the ILSFDA [D.E. 9 ¶ 4]; (ii) Plaintiff's claim for breach of contract is premature and without any basis in fact [D.E. 9 ¶ 17]; and (iii) Defendant did not engage in a deceptive or unfair trade practice because the Agreement is exempt from ILSA, and Plaintiff failed to allege any separate and distinct damages [D.E. 9 ¶ 18].

The Plaintiff opposes the motion responding: (i) the Agreement is not exempt from the ILSFDA because the obligation of construction within two years is illusory and conditional [D.E. 10 at 5]; (ii) Defendant raised an affirmative defense that is to be raised in its answer [D.E. 10 at 8]; and (iii) Plaintiff alleges a sufficient factual basis to state a cause of action under FDUTPA. [D.E. 10 at 10].

## II.  ANALYSIS

Defendant maintains that Plaintiff failed to sufficiently allege a cause of action in the Complaint. Fed. R. Civ. P. 12(b)(6). A motion brought under 12(b)(6) tests the facial sufficiency of a complaint and is to be read alongside Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), to survive a 12(b)(6) motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his

entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Berry v. Budget Rent A Car Systems, Inc.*, 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting *Twombley*, 127 S.Ct. at 1964-65). Taking the facts as true, a court may grant a motion to dismiss if no construction of the factual allegations will support the cause of action. *Berry*, 497 F. Supp. 2d at 1364 (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)). A well-pleaded complaint will survive a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 127 S.Ct. At 1965 (internal citation omitted).[2]

### A. *Interstate Land Sales Full Disclosure Act*

Count I of the Complaint alleges violations of 15 U.S.C. § 1704(a) and 15 U.S.C. § 1703(d), provisions of the ILSFDA. The ILSFDA is an anti-fraud statute that uses disclosure as its primary tool to protect purchasers from unscrupulous sales of undeveloped home sites. *Winter v. Hollingsworth Props., Inc.,* 777 F.2d 1444, 1446-47 (11th Cir. 1985). Specifically, the ILSFDA prohibits the sale of any lot not exempt under section 1702 unless the seller complies with the provisions of the ILSFDA, including disclosure of a property report prior to signing a contract. 15 U.S.C. § 1703(a). Selling a condominium falls within the definition of selling a "lot" within the meaning of the ILSFDA. *Winter*, 777 F.2d at 1449.

Defendant argues it is exempt from the provisions of the Act under 15 U.S.C. § 1702(a)(2), which provides "the provisions of this chapter shall not apply to . . . the sale or lease of land under a contract obligating the seller or lessor to erect [a residential, commercial,

---

[2] The Court notes that Plaintiff cites *to Conley v. Gibson*, 331 U.S. 41 (1957), in setting forth the legal standard for a motion to dismiss. This standard is technically no longer applicable, as the Supreme Court expressly disapproved of aspects of this decision in the recent *Twombley* decision. The Court's analysis of the particular dismissal issue here will be based on how *Twombley* defined the relevant test.

or industrial] building within a period of two years." In response, Plaintiff references sections of the Agreement on the face of the Complaint to contend that the contractual obligation to build within two years is only illusory, thus nullifying the exemption. The issue before us boils down to whether, as a matter of law, the Agreement has a tangible obligation to complete the condominium on the lot within two years, or whether its other provisions render that apparent obligation illusory and therefore subject to the provisions of ILSFDA.

The interpretation of the ILSFDA, a federal statute, is governed by federal law. *See Kamen v. Kemper Financial Servs., Inc.*, 500 U.S. 90, 97 (1991). However, state law governs the interpretation of a given contract in the decision of whether the "obligation" to complete construction is illusory. *See, e.g., Stein v. Paradigm Mirsol, L.L.C.,* 2008 WL 344492 (M.D. Fla. Feb. 07, 2008); *Samara Dev. Corp. v. Marlow*, 556 So. 2d 1097 (Fla. 1990). Accordingly, the Court will look to Florida contract law in its determination of this issue.

Under Florida law, a court must determine whether the terms of the contract are susceptible to an interpretation as a matter of law. *See, e.g., Hamilton Const. Co. v. Board of Public Instruction of Dade County,* 65 So. 2d 729 (Fla. 1953) (where contracts are clear and unambiguous, they should be construed as written, and the court can give it no other meaning). A court must also determine whether, instead, the terms used are unclear, indefinite or ambiguous, in which case an issue of fact may exist as to what the contract required. *See, e.g., Arriaga v. Florida Pacific Farms, L.L.C.,* 305 F.3d 1228, 1246-47 (11th Cir. 2002) (whether a contract provision is ambiguous is a question for the court, and the court can resolve that ambiguity if the facts are undisputed); *Royal Am. Realty, Inc. v. Bank of Palm Beach & Trust Co.,* 215 So. 2d 336, 338 (Fla. 4th DCA 1968) (holding that contract language is ambiguous where "it is, in fact, reasonably or fairly susceptible to the different constructions being advocated by the parties").

If an issue of fact does exist as to the terms of the contractual agreement, then the trier of fact should consider parol evidence. *E.g., Arriaga,* 305 F.3d at 1247 (summarizing types of parol evidence available under Florida law to ascertain meaning of ambiguous contracts); *First Capital Income & Growth Funds, Ltd.-Series XII v. Baumann,* 616 So. 2d 163, 165 (Fla. 3d DCA 1993) (parol evidence can be presented when the terms of the agreement are ambiguous). To determine the intent of the parties, the trier of fact may "receive evidence extrinsic to the contract for the purpose of determining the intent of the parties at the time of the contract." *Gulf Cities Gas Corp. v. Tangelo Park Serv. Co.,* 253 So. 2d 744, 748 (Fla. 4th DCA 1971). One can also consider circumstances surrounding the parties at the time the contract was made. *See, e.g., Clark v. Clark,* 79 So. 2d 426, 428 (Fla. 1955). Additionally, "custom and usage" may be considered in construing ambiguous terms. *See, e.g., Farr v. Poe & Brown, Inc.,* 756 So. 2d 151, 152-53 (Fla. 4th DCA 2000).

Plaintiff argues first that Defendant is not exempt from the ILSFDA because "the Agreement allowed the condominium to be completed in more than two years - in fact as much as 90 days more than two years," so the obligation to build was illusory. This argument is based on the theory that the Agreement must be non-illusory and unconditional, yet this contract's provisions prevents Defendant from taking advantage of the exemption under the ILSFDA. To support this position, Plaintiff's Complaint expressly references these and other provisions. We must thus determine if these provisions may be construed as a matter of law, and whether that construction supports Plaintiff's claim that the contract's two-year provision is illusory, at least at the pleading stage. In other words, if these provisions, when measured together, render the Agreement ambiguous, then Plaintiff's claim cannot be disposed of on a motion to dismiss and may require factual development and a trial.

Recent Florida cases, however, have construed these contract provisions as a matter of law and have noted that they are generally permissible and do not automatically remove a seller from an exemption under the ILSFDA. *See Kamel v. Kenco/the Oaks at Boca Raton, LP,* 2008 WL 2245831 (S.D. Fla. May 29, 2008); *Rondini v. Evernia Props., LLP,* 2008 WL 793512 (S.D. Fla. Feb. 13, 2008); *Stein,* 2008 WL 344492 at *5. The delays listed in the Agreement that would allow for extension of the two year period have a well established and limited definition that fit into the generally accepted category and do not render the Agreement illusory. *Stein,* 2008 WL 344492 at *5. They are addressing unique fact-specific situations that are well established contractual defenses to performance. As Judge Marra recently explained in *Kamel,* the availability of these limited defenses to a party to the contract as a defense to a breach does not per se render the performance obligations a nullity. They would be available to that party whether or not they were referenced by an express provision of the contract. Therefore, their presence in the contract does not *ipse dixit* render the contractor's obligations a nullity.

We agree with these interpretations of virtually the same contractual language that Plaintiff relies on here. The fact that there are limited defenses for non-performance available to Defendant does not render its obligation to perform within two years a nullity. Indeed, as evidenced by the discussion that follows, that failure to perform could leave Defendant exposed to a breach of contract claim. Therefore, the Court finds that this provision of the Agreement does not remove this contract from within the exemption to ILSFDA under 15 U.S.C. § 1702(a)(2). And the allegations in the Complaint to the contrary do not give rise to a triable issue of fact to defeat the motion to dismiss. The contract is susceptible to only one reasonable construction and allows for disposition of the pending question as a matter of law.

Plaintiff then asserts that the obligation was illusory because the contract limited Plaintiff's remedies upon Defendant's breach. Under Florida contract law generally, while parties unquestionably enjoy the freedom to limit their respective remedies, a contract must nevertheless be reasonable and must provide to a mutuality of obligation in order to be considered enforceable. *See Jay Vee Realty Corp. v. Jaymar Acres Inc.,* 436 So. 2d 1053 (Fla. 4th DCA 1983); *Indian River Colony Club, Inc. v. Schopke Constr. & Eng'g. Inc.,* 592 So. 2d 1185 (Fla 5th DCA 1992). Contracts that permit the seller to breach virtually at will are viewed as unenforceable because the construction obligation is not an obligation in reality. *Stein*, 2008 WL 793512 at *3. Florida courts have directly addressed the application of exemptions under the ILSFDA explaining that in a contract where the seller is obligated to complete by a time certain, in order for an exemption to apply, the purchaser must not be limited to the remedy of rescission, but also have the right to affirm the contract and seek damages or specific performance. *See Berzon v. Oriole Homes Corp.,* 487 So. 2d 670 (Fla. 4th DCA 1986); *Dorchester Dev. Inc. v. Burk,* 439 So. 2d 1032 (Fla. 3d DCA 1983); *Rondini,* 2008 WL 793512.

The Court rejects Plaintiff's allegation that Paragraph 16.2.1.5 of the Agreement, that is referenced on the face of the Complaint, so restricts Plaintiff's potential remedies in case of breach that Defendant's obligation to build is merely illusory. Paragraph 16.2.1.5 of the Agreement clearly affirms Plaintiff's right of rescission providing: "In the event that the Seller is unable to cure Period . . . Purchaser shall have the right to terminate this Agreement and receive a full refund . . . ." Additionally, this provision places an economic risk on Defendant because Plaintiff becomes entitled to liquidated damages upon Defendant's default. Admittedly, the Agreement is silent as to Plaintiff's right to seek damages and specific performance, remedies that must be available for an exemption under ILSFDA to apply.

Nonetheless, contrary to Plaintiff's assertion the Court determines that the Agreement does not negate or exclude these remedies.

This same problem was addressed in *Marco Bay Assocs. v. Vandewalle,* 472 So. 2d 472 (Fla. 2d DCA 1985), where the court found a contract only setting forth the right of rescission satisfied the two-year build exemption. The court noted that "[w]hile this paragraph specifically provides for the right of rescission by the buyer in the event the seller, for any reason defaults (including strike, Acts of God, etc.), it does not negate or exclude any right of the purchaser to proceed on the contract, unless of course, rescission is elected." *Id.* at 474-75. We agree. Although the Agreement only speaks to Plaintiff's right of rescission, this is not designated as the sole remedy and the right to affirm the contract and seek damages or specific performance is still available.

The two cases Plaintiff cites in her Response that reached the contrary conclusion are clearly distinguishable. Plaintiff cites to the Florida Supreme Court's decision in *Samara Dev. Corp. v. Marlow,* where the seller of a condominium was held to be not exempt from the ILSFDA because the contract expressly excluded the buyer's remedy of a suit for damages upon seller's default and limited the available remedies to return of the deposit or an action for specific performance. 556 So. 2d at 1101. But the language at issue in that contract was quite different from the contract here that does not expressly exclude any remedies but is merely silent as to other available remedies.

Next, Plaintiff cites a case that *Samara* relied upon, *Dorchester Dev., Inc., v. Burk,* 439 So. 2d 1032 (Fla. 3d DCA 1983), which is also distinct from this case in two significant respects. First, in *Dorchester,* there was no express contractual guarantee to complete the building within two years. Second, under that contract if the unit was not completed within two years the purchaser was expressly limited to the choice of extending the date of closing

or cancelling the agreement. By contrast, we read the contract before us as guaranteeing completion within two years, and if that is not accomplished the purchaser has the option to choose between all of the available contractual remedies as well as any remedies available to her under Florida law.

Therefore, the Court finds that this contract is not ambiguous and is susceptible to construction as a matter of law. The conditions placed by the Agreement on Defendant's obligation to build within two years do not nullify the applicability of the section 1702(a)(2) exemption. Accordingly, the Agreement is facially exempt from the requirements of the ISLFDA and, as a matter of law, Count I of the Complaint must be dismissed with prejudice.

### B.  *Breach of Contract*

Count II of the Complaint seeks to hold Defendant liable for damages caused by breach of the Agreement with Plaintiff. Under Florida law, to state a cause of action for breach of contract the plaintiff must establish: (1) the existence of a valid contract; (2) a material breach of the contract; and (3) damages. *See Rondini,* 2008 WL 793512 (citing *Brooks Tropicals, Inc. v. Acosta*, 959 So. 2d 288, 292 (Fla. 3d DCA 2007)). Defendant asserts that Plaintiff has failed to state a claim, reasoning that a breach of contract has not taken place because "various Acts of God and other conditions beyond Southern Homes' control" have extended the two year construction deadline to a date that has not yet occurred. Plaintiff responds that extension of the deadline is an affirmative defense, which cannot be determined from the face of the Complaint, so it is not appropriate for the Court to consider this issue on a motion to dismiss.

After review, the Court determines that Plaintiff has sufficiently plead factual allegations that if assumed true would be enough to raise a right to relief above the speculative level. First, Plaintiff establishes the existence of a valid contract between the parties. [D.E. 7 ¶ 25,26]. Next, Plaintiff demonstrates a material breach of the contract.

When "the passing of the deadline (without construction) is what is alleged to constitute the breach of contract, the burden is on the plaintiff to plead facts showing that the deadline has passed." *Rondini*, 2008 WL 793512 at *3. Plaintiff meets her burden by asserting that Defendant has not completed construction within the required two year period [D.E. 7 ¶ 27] and that "no event outside of the control of Southern Homes has occurred that would affect the critical path for constructing the condominium unit or completing the condominium unit within two years." [D.E. 7 ¶ 29]. Finally, Plaintiff establishes that the breach has damaged her in an amount exceeding $75,000. [D.E. 7 ¶ 32].[3]

Accordingly, Plaintiff has adequately alleged a claim for breach of contract, and Defendant's Motion to Dismiss is Denied with respect to Count II of the Complaint.[4]

### C.  *Florida Deceptive and Unfair Trade Practices Act*

In Count III of the Complaint Plaintiff contends that Defendant has violated the FDUTPA. Defendant argues that Plaintiff has failed to allege facts sufficient to state a claim under the FDUTPA. FDUTPA proscribes any unfair or deceptive acts or practices committed in the conduct of any trade or commerce. Fla. Stat. § 501.204(1). Any person suffering a loss as a result of the statute may commence a private cause of action for actual damages,

---

[3] We recognize that Judge Hurley's opinion in *Rondini,* upon which we relied extensively in the preceding section, could be read to be inconsistent with our conclusion. We conclude that Plaintiff's pleading here is sufficient to give rise to a prima facie case that construction was not completed by June 26, 2007 (two years after the contract date). Defendant's reliance on the impossibility of performance language of the contract as a defense to that prima facie case is a pleading issue for the Defendant, not the Plaintiff. Whether Defendant can show at summary judgment that its defense of impossibility precludes any recovery as a matter of law is another matter.

[4] We also recognize that we could decline to exercise supplemental jurisdiction over this state law claim now that the federal claim that gave rise to original jurisdiction has been dismissed, as per 28 U.S.C. § 1367(c)(3), and that some courts dealing with ILSFDA claims have chosen to do so. Given the amount of judicial time that has been expended in analyzing these parties' issues, and the overall passage of time involved, it would be more efficient and in the public interest for us to retain jurisdiction to dispose of the case.

attorney's fees, and court costs. Fla. Stat. § 501.211. To state a claim under the FDUTPA, a party must plead: (1) a deceptive or unfair practice; (2) causation; and (3) actual damages." *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp.2d 1314, 1326 (M.D. Fla. 2007). While "deception" and "unfair practice" are not defined under the FDUTPA, the Eleventh Circuit and the Florida Supreme Court have noted "deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment". *Scott v. Capital One Bank*, 2008 WL 2157037 (M.D. Fla. May 20, 2008) (citing *Zlotnick v. Premier Sales Group, Inc.,* 480 F.3d 1281, 1284 (11th Cir. 2007)).

The Court holds that Plaintiff has failed to state a claim under FDUTPA. Plaintiff appears to base all of their FDUTPA allegations solely on violations of the ILSFDA that were already alleged in count I of the Complaint. Assuming all of these allegations are true, Plaintiff does not provide sufficient grounds for entitlement to relief and the alleged facts do not support the cause of action. The Court has previously determined that Defendant was exempt from the ILSFDA. Consequently, Plaintiff's bare reliance on the allegations from count I that the Court has rejected does not, standing alone, provide a basis for cause of action under FDUTPA either.

Accordingly, the Court finds no violation of the FDUTPA and Count III of the Complaint must be dismissed. The Court will not, however, dismiss the claim against Defendant with prejudice. It is theoretically possible for Plaintiff to state a claim under FDUTPA if Plaintiff possesses additional facts that can demonstrate a deceptive or unfair practice by Defendant aside from a mere recitation of ILSFDA violations.

### *III.    CONCLUSION*

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss the First Amended Complaint [D.E. 9] is **GRANTED IN PART and DENIED IN PART**.

1. Defendant's Motion to Dismiss Count I is **GRANTED** and Count I of the First Amended Complaint is **DISMISSED WITH PREJUDICE.**

2. Defendant's Motion to Dismiss Count II is **DENIED.**

3. Defendant's Motion to Dismiss Count III is **GRANTED** and Count III of the First Amended Complaint is **DISMISSED WITHOUT PREJUDICE.** Plaintiff has the option of filing a second amended complaint within ten days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of June, 2008.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Counsel of Record